J-S37020-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| CHRISTOPHER POLLER | : | |
| | : | |
| Appellant | : | No. 661 EDA 2021 |

Appeal from the Order Entered March 11, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at No:  CP-51-CR-1124322-1993

BEFORE:   PANELLA, P.J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY MURRAY, J.:                    **FILED JANUARY 4, 2022**

Christopher Poller (Appellant) appeals *pro se* from the order denying his motion for DNA testing and fifth petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The PCRA court summarized the procedural history as follows:

> On June 2, 1994, following a jury trial before the Honorable Paul Ribner, [Appellant] was convicted of second-degree murder, criminal conspiracy, robbery and possession of an instrument of crime.  On December 7, 1994, Judge Ribner imposed [a] sentence of life imprisonment for the [] convictions.  [Appellant] filed a direct appeal and the Pennsylvania Superior Court affirmed the trial court's judgment of sentence on May 8, 1996.[2]  The Pennsylvania Supreme Court denied *allocatur* on December 20, 1996.[3]
>
> [FN]2 *Commonwealth v. Poller*, 679 A.2d 849 (Pa. Super. 1996) (unpublished memorandum).

---

[*] Former Justice specially assigned to the Superior Court.

[FN]3 ***Commonwealth v. Poller***, 687 A.2d 377 (Pa. 1996).

[Appellant] filed his first *pro se* [PCRA petition] on December 15, 1997. Counsel was appointed and subsequently filed a "no merit" letter pursuant to ***Turner***/***Finley***.[4] On February 25, 1999, the PCRA court dismissed [Appellant's] petition. The Pennsylvania Superior Court affirmed the dismissal on October 17, 2000, and the Pennsylvania Supreme Court denied *allocatur* on March 30, 2001.[5] Thereafter, [Appellant] filed several PCRA petitions. All were denied.

[FN]4 ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988).

[FN]5 ***Commonwealth v. Poller***, 767 A.2d 1112 (Pa. Super. 2000) (unpublished memorandum), *appeal denied*, 786 A.2d 987 (Pa. 2001).

On April 10, 2019, [Appellant] filed the instant *pro se* motion for DNA testing[. On June 28, 2019, Appellant *pro se* filed his fifth PCRA petition. The PCRA court] sent a notice of its intent to dismiss[6] the petition as untimely without exception on September 14, 2020. The PCRA petition [and motion were] formally dismissed by [the court] on March 11, 2021. [Appellant] timely filed a notice of appeal to the Pennsylvania Superior Court on March 26, 2021.

[FN]6 Pursuant to Pa.R.Crim.P. 907.

PCRA Court Opinion, 5/18/21, at 1-2 (footnotes in original).[1]

On appeal, Appellant presents the following issues for review:

---

[1] The PCRA court did not order Appellant to file a concise statement pursuant to Pa.R.A.P. 1925(b). ***See Commonwealth v. Antidormi***, 84 A.3d 736, 745 n.7 (Pa. Super. 2014) ("The requirements of Rule 1925(b) are not invoked in cases where there is no trial court order directing an appellant to file a Rule 1925(b) statement.") (citations omitted); ***Commonwealth v. Jones***, 193 A.3d 957, 971 (Pa. Super. 2018) (same).

(A) The Appellant was convicted on June 2, 1994 of second degree murder, criminal conspiracy, robbery, and possession of an instrument of crime. The Appellant has always expressed his innocence and that he was not involved in the murder of the decedent, who was a drug dealer. The background of the event came down to the robbery of a drug dealer who was suspected of having drugs and cash. Even the Commonwealth prosecutor admitted in his prosecution that **most likely** – [Appellant] was not the shooter, the robber was in the drug house when the shooting took place. Who was the shooter? The very worse [*sic*] allegation, is that the Appellant was suppose[d] to be the individual waiting for the robber/shooter to exit the drug house, and then the Appellant would provide a ride to the robber. Actual innocence: Here—the Appellant was not the shooter, and was not in the drug house when the robbery-shooting-murder took place. At the scene: Blood swabs, hairs, were gathered by the police. The Appellant is actually innocent of second degree murder. The [PCRA] court abused its discretion by dismissing the DNA testing motion.

(B) The [PCRA] court abused its [*sic*] discretion when it dismissed the PCRA petition, concerning the leniency deal made to a [Commonwealth] witness Damon Jackson, as being untimely and not meeting any of the timeliness exceptions set forth in 42 PA. C.S.A. § 9545(b)(1) (i-ii-iii). (Recognizing that his PCRA facially was untimely, [Appellant] asserted § 9545(b)(1)(i)(ii), concerning the exception to the time-bar). The Appellant was convicted on June 2, 1994.

Appellant's Brief at 3-4 (bold and underline in original).

We discern the essence of Appellant's claims to be: 1. The PCRA court erred in denying his motion for DNA testing; and 2. The Commonwealth violated **Brady v. Maryland**, 373 U.S. 83 (1963) by failing to disclose favorable treatment of a Commonwealth witness. Neither claim merits relief.

"Post-conviction DNA testing falls under the aegis of the PCRA, … and thus, our standard of review permits us to consider only whether the PCRA

- 3 -

court's determination is supported by the evidence of record and whether it is free from legal error."[2] ***Commonwealth v. Conway***, 14 A.3d 101, 108 (Pa. Super. 2011) (citations omitted). "When reviewing an order denying a motion for post-conviction DNA testing, this Court determines whether the movant satisfied the statutory requirements listed in [42 Pa.C.S.A. §] 9543.1." ***Williams***, 35 A.3d at 47 (citation omitted). Section 9543.1 provides:

> **(a)** **Motion.—**
>
>> (1) An individual convicted of a criminal offense in a court of this Commonwealth may apply by making a written motion to the sentencing court at any time for the performance of forensic DNA testing on specific evidence that is related to the investigation or prosecution that resulted in the judgment of conviction.
>>
>> . . .
>
> **(b)** **Requirements.—**In any motion under subsection (a), under penalty of perjury, the applicant shall:
>
>> . . .
>>
>> (1) (iii) acknowledge that the applicant understands that, if the motion is granted, any data obtained from any DNA samples or test results may be entered into law enforcement databases, may be used in the investigation of other crimes and may be used as evidence against the applicant in other cases.
>>
>> . . .

---

[2] "This Court has consistently held the one-year jurisdictional time bar of the PCRA does not apply to motions for DNA testing under Section 9543.1." ***Commonwealth v. Williams***, 35 A.3d 44, 50 (Pa. Super. 2011).

(3) present a prima facie case demonstrating that the:

(i) identity of or the participation in the crime by the perpetrator was at issue in the proceedings that resulted in the applicant's conviction and sentencing; and

(ii) DNA testing of the specific evidence, assuming exculpatory results, would establish:

(A) The applicant's actual innocence of the offense for which the applicant was convicted; …

42 Pa.C.S.A. § 9543.1.

Here, Appellant's motion for post-conviction DNA testing states:

I do hereby move under § 9543.1 to have the crime scene evidence that does include hair, blood, and other body fluids found and placed into evidence by the PHILADELPHIA POLICE DEPT. on JULY 1, 1993 submitted for DNA testing. At the time of my trial DNA testing was not available. (EMPHASIS). The DNA evidence in the possession of the Philadelphia Police Dept. will not be meritless in proving my innocence if submitted for DNA testing. In fact the results of the DNA testing will show that I am actually innocent of any involvement in the robbery/murder victim's death. I AM ACTUALLY INNOCENT. My request for DNA testing is hereby made under 42 PA. C.S.A. § 9543.1. I do make the declaration that I am ACTUALLY INNOCENT.

Motion for DNA Testing, 4/10/19, at 1.

Upon review, we agree with the PCRA court that Appellant "failed to meet his initial burden pursuant to 42 [Pa.C.S.A.] § 9543.1(c)(3)(ii)(A)." PCRA Court Opinion, 5/18/21, at 2-3. Appellant's motion fails to "state that he understood that if the motion was granted any data obtained from any DNA samples or test results may be entered into law enforcement databases, may

- 5 -

be used in the investigation of other crimes and may be used as evidence against him in other cases." *Id.* at 2; 42 Pa.C.S.A. § 9543.1(c)(1)(iii). Further, Appellant's motion does not "present a prima facie case of 'actual innocence,'" or "provide any analysis to demonstrate that, assuming exculpatory results, the DNA results would establish his innocence." *Id.* at 2-3; 42 Pa.C.S.A. § 9543.1(c)(3)(ii)(A). "[B]ald assertions do not constitute a *prima facie* case." *Commonwealth v. Smith*, 889 A.2d 582, 585 (Pa. Super. 2005). Accordingly, Appellant's first issue lacks merit.

In his second issue, Appellant argues the Commonwealth violated *Brady*, *supra* because it failed to provide him with information about "the leniency deal that was promised to [Damon] Jackson for his testimony" at Appellant's trial. Appellant's Brief at 17.

In reviewing the PCRA court's dismissal of Appellant's petition, we examine "whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." *Commonwealth v. Busanet*, 54 A.3d 35, 45 (Pa. 2012). "Our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the party who prevailed in the PCRA court proceeding." *Id.*

To be timely, PCRA petitions, including second and subsequent petitions, must be filed within one year of when an appellant's judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). "A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme

Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). Our Supreme Court has held that the PCRA's time restriction is constitutionally sound. *Commonwealth v. Cruz*, 852 A.2d 287, 292 (Pa. 2004). In addition, our Supreme Court has instructed that the timeliness of a PCRA petition is jurisdictional. If a PCRA petition is untimely, courts lack jurisdiction. *Commonwealth v. Wharton*, 886 A.2d 1120, 1124 (Pa. 2005); *see also Commonwealth v. Callahan*, 101 A.3d 118, 121 (Pa. Super. 2014) (courts do not have jurisdiction over an untimely PCRA petition).

Here, Appellant's judgment of sentence became final in 1997. Appellant did not file the instant petition, his fifth, until June 28, 2019. It is therefore untimely. *See also* Appellant's Brief at 4 ("recognizing that [Appellant's] PCRA [petition is] facially untimely[.]").

A petitioner may overcome the PCRA's time-bar if he alleges and proves one of the three statutory exceptions set forth in 42 Pa.C.S.A. § 9545(b)(1). *Commonwealth v. Spotz*, 171 A.3d 675, 678 (Pa. 2017). The three exceptions are: "(1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right." *Commonwealth v. Brandon*, 51 A.3d 231, 233-34 (Pa. Super. 2012); *see also* 42 Pa.C.S.A. § 9545(b)(1)(i-iii). A petition invoking an exception to the jurisdictional time-bar must be filed within one year of the

date that the claim could have been presented.[3]  42 Pa.C.S.A. § 9545(b)(2).

If a petitioner fails to invoke a valid exception, courts lack jurisdiction to review the petition or provide relief.  ***Spotz***, 171 A.3d at 676.

Appellant argues his claim falls within the government interference and newly discovered fact exceptions.  ***See*** Appellant's Brief at 16.  Specifically, Appellant avers:

> Damon Jackson was a [Commonwealth] witness against Appellant.  His testimony was false and motivated by bias and leniency promises made to Jackson but suppressed from the Appellant and his lawyer during the trial stages.  Damon Jackson was facing "serious" drug related charges, including manufacturing a controlled substance, delivery of a controlled substance, and knowingly possessing a controlled substance. … After Jackson testified against [Appellant], and after [Appellant] was convicted, all charges against Jackson were dismissed at the urging of the [Commonwealth], and the fugitive bench warrant was cancelled. … [] Appellant was never provided with the leniency deal that was promised to Jackson for his testimony.  It was a sweetheart deal.  The PCRA [petition] sets forth, with specifics, exactly how the Commonwealth violated the Appellant's constitutional right to due process by the [Commonwealth] suppressing this leniency promise.  The ***Brady v. Maryland*** violation is properly before the PCRA court.

Appellant's Brief at 16-17 (underlining omitted).

Upon review, we conclude the PCRA court did not err because this claim was raised in a prior PCRA petition, thus barring Appellant from raising the

---

[3] Effective December 24, 2018, the time period in which to file a petition invoking one of the three exceptions was extended from 60 days to one year. 42 Pa.C.S.A. § 9545(b)(2).  This amendment applies to claims arising one year prior to the effective date of the amendment, *i.e.*, arising December 24, 2017, or later.  Act 2018, Oct. 24, P.L. 894, No. 146, § 3.  Because Appellant filed his PCRA petition on June 28, 2019, the amendment applies to him.

claim in a subsequent petition. *See Commonwealth v. Poller*, 2338 EDA 2008, at \*8 (Pa. Super. Mar. 16, 2010) (unpublished memorandum) ("[A]ppellant states that the PCRA court ignored new evidence indicating that two Commonwealth witnesses from his trial 'received favors for their testimony against me.' Appellant fails to explain what the evidence is, when it was discovered, or how it constitutes a valid exception to the time-bar. Thus, this claim is waived."). "To be eligible for relief under [the PCRA], the petitioner must plead and prove by a preponderance of the evidence … [t]hat the allegation of error has not been previously litigated or waived." 42 Pa.C.S.A. § 9543(a)(3). Accordingly, no relief is due.[4]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/4/2022

---

[4] Even if the claim was not previously waived, the alleged *Brady* violation would not meet the newly discovered fact exception because Appellant was aware of the violation well before he filed the underlying petition. *See Commonwealth v. Poller*, 2338 EDA 2008, at \*8 (Pa. Super. Mar. 16, 2010) (unpublished memorandum).